### James E. Osborne v. John H. Culver.

1. Usury—*when action lies to recover.* Where a note containing an usurious charge is assigned before maturity to an innocent holder for value and is paid by the maker, the maker may sue the original holder at law and recover such usurious charge.

2. Chancellor—*when finding of fact by, not disturbed.* Where a master in chancery and a chancellor have heard the evidence, their findings will not be disturbed where the evidence is close and the reviewing court has a well-founded doubt as to how the question should have been decided.

Bill in equity. Appeal from the Circuit Court of Macon county; the Hon. J. W. Craig, Judge, presiding. Heard in this court at the November term, 1906. Affirmed. Opinion filed June 1, 1907.

Dickinson & Lee, for appellant.

C. E. Schroll, for appellee.

Mr. Presiding Justice Ramsay delivered the opinion of the court.

John H. Culver brought suit in equity in the Circuit Court of Macon county against James E. Osborne, to recover usury alleged to have been paid by Culver to Osborne. There was a decree in favor of Culver in the sum of $1,173.14, from which Osborne has appealed.

It appears from the master's report that in January, 1892, appellee borrowed from appellant the sum of $300, and that the loan was continued in different forms until the twenty-fifth day of May, 1896, when Culver gave to appellant a new note for $882, which

Osborne v. Culver.

was assigned by appellant to his brother, Martin L. Osborne, before maturity; that suit at law was brought by Martin L. Osborne against appellee upon said assigned note upon which judgment was rendered against Culver in the sum of $1,173.14, and that appellee had paid the judgment in full.

Appellant first contends that where usury has been paid, no suit can be maintained for its return or recovery.

It is true that where usury has been voluntarily paid, no suit can be maintained for its return, but where, as in this case, one who takes a note in which usury is embraced transfers such note before maturity to an innocent purchaser so that the defense of usury is cut off, payment by the maker of the note to such *bona fide* purchaser will be regarded as compulsory and not voluntary, in which event courts of equity will lend their aid to recover back the usury paid by the borrower.   Wordsworth et al. v. Huntoon et al., 40 Ill. 131; Pearce v. Martin, 130 Ill. App. 24.

Appellant next contends that the evidence does not support the finding that there was usury involved in the dealings between appellee and appellant.

Both the master in chancery and the chancellor who heard the case, determined and held that the loan involved was usurious.   In cases where the evidence is close and the reviewing court has a well-founded doubt as to how the question should have been decided, the finding of the trial court should not be disturbed.   McCormick v. Miller et al., 102 Ill. 208; Greensfelder v. Corbett, 190 Ill. 565.   We do not rest our determination of this case solely upon that rule, however, for a careful consideration of all the evidence satisfies us that the loans involved were at usurious rates and that the chancellor was fully warranted in rendering the decree in favor of appellee.

The decree was right and is affirmed.

*Affirmed.*